IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| A.M.A.R.A. TEMPLE OF MOORISH SCIENCE, and<br>NOBLE T. HASAAN BEY aka WILLIAM TYRONE THOMAS<br><br>VS.<br><br>NATHAN DEARY, et al. | §<br>§<br>§<br>§<br>§   CIVIL NO.4:13-CV-624-O(BJ)<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiffs have filed a civil case with an application/motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

The plaintiffs are identified as the Autonomous Moorish American Republic of the Al-Moroccan Empire (A.M.A.R.A.) Temple of Moorish Science, and Noble T. Hassan Bey aka William Tyrone Thomas. The first listed defendant is Nathan Deary.

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

C. LEGAL ANALYSIS

Plaintiffs accompanied the complaint with an application/motion to proceed in forma pauperis under 28 U.S.C. § 1915 et. seq. Although the document is styled for the entity "A.M.A.R.A. Temple of Moorish Science," it is completed under the name Noble T Hasaan Bey.

First, 28 U.S.C. § 1915, providing for appearances in forma pauperis, by its own language, is limited to "persons."[2] The Supreme Court has held that a only a natural person may qualify for treatment in forma pauperis under § 1915.[3] Because the in forma pauperis motion pending in this case is styled, in part, on behalf of an organization, and not a natural person, the in forma pauperis motion must be denied.

Also, this suit was filed by Noble T Hasaan Bey, aka William Tyrone Thomas under the style "*A.M.A.R.A. Temple of Moorish Science,*" and the complaint purports to make claims on behalf of such an entity. Since Hasaan Bey aka Thomas is not a licensed attorney, he may not represent the A.M.A.R.A. Temple of Moorish

---

[2] 28 U.S.C.A. § 1915(a)(1)(West 2006)("[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment . . . by a *person* who submits an affidavit . . . .")(emphasis added).

[3] *Rowland v. California Men's Council, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 199-206 (1993)(holding that an association of prison inmates did not qualify as a "person" under § 1915, and expressly rejecting the argument that "person" in the context of § 1915 could include corporations, associations, and partnerships as well as individuals); *see generally Dailey v. R & J Commercial Contracting, et al.*, No. C2-01-403, 2002 WL 484988, at *5 (S.D.Oh. March 28, 2002)(holding that a corporation is not a "person" within meaning of § 1915, and thus not authorized to file a civil action in United States District Court without paying the required filing fee).

Science in court.[4] And, an organization cannot proceed *pro se* in this litigation.[5] Thus, for these additional reasons, the motion/application to proceed in forma pauperis should be denied.[6]

Furthermore, even upon review of the contents of the completed motion/application, the answer provided to every question was "0." Noble Hasaan Bey aka William Tyrone Thomas provided absolutely no responsive information about his income, assets, bank accounts, or expenses. (Application pages 1-5.) And, to the question about providing additional information, he responded only that "Federal Reserve Notes are not lawful money and is only debt currency." (Application ¶ 12.) Because the IFP application does not provide information sufficient to enable the Court to make a determination as to whether any natural person qualifies--that is "an affidavit that includes a statement of all assets . . . [and] that the person

---

[4] Although a party may proceed personally, a party is not allowed to have an unlicensed lay assistant act as an attorney under the banner of conducting his own defense. *See Martin v. City of Alexandria*, 198 Fed. Appx. 344, 346 (5th Cir. July 17, 2006)(citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998)("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause")); *see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)("[I]ndividuals not licensed to practice law by the state many not use the 'next friend' device as an artifice for the unauthorized practice of law"); and *In re Moody*, 105 B.R. 368, 370 (S.D.Tex. 1989)(unlicensed layman are not permitted to represent anyone other than themselves).

[5] *See Southwest Express Vo. V. Interstate Commerce Comm'n*, 670 F.2d 53, 55-56 (5th Cir. 1982)(a corporation can appear in court only through an attorney at law); *Amoco Prod. Co. V. Aspen Group*, 25 F.Supp. 2d 1162, 1166 (D.Colo. 1998)("It has been the law, for the better part of two centuries, that corporations, partnerships, and unincorporated associations may appear in federal court only through a licensed attorney")(citation omitted); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989)(applying rule to nonprofit corporation formed by prison inmates).

[6] *See generally Helgeson, et al., v. United States, et al.*, No.CV-10-71-SEH-RKS, 2010 WL 4810827, at *1 (D. Mont. Nov. 18, 2010)("Lack of standing is also a sufficient reason to deny a motion to proceed in forma pauperis")(citing *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam).

is unable to pay such fees or give security therefor"[7]--the motion/application to proceed in forma pauperis must be denied.

## RECOMMENDATION

For all of the above reasons, it is therefore RECOMMENDED that the motion/application to proceed in forma pauperis [docket no. 3] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiffs that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiffs pay to the clerk of Court the filing and administrative fees of $400.00[8] within seven (7) days after the district judge's order.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 27, 2013. In order to be specific, an objection must identify the specific

---

[7] 28 U.S.C. § 1915(a)(1)(West 2006).

[8] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. See 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

4

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. See *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiffs are granted until August 27, 2013 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED August 6, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5